UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SHEYEL HIGHSMITH-HARRIS, | : | Bankruptcy No. 05-19639DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 1st day of August 2005, this Court having entered an Order on July 19, 2005 (the "July 19 Order") finding that (1) this is the second bankruptcy case filed by Sheyel Highsmith-Harris ("S. Highsmith"), (2) the petition was accompanied by a "Declaration Under Penalty of Perjury on Behalf of a Corporation or Other Partnership" which is submitted in the name of Eva-Mae: Highsmith, We the People All Rights Reserved: Eva-Mae:Highsmith, (3) also accompanying the petition was an application to pay the filling fees in installments purportedly signed by the Debtor but noting under signature of attorney the name Eva-Mae- Highsmith ("E. Highsmith") as attorney in fact, (4) and it appearing that the signatures of S. Highsmith and E. Highsmith are in the same hand, (5) and this Court having entered an Order in the case of E. Highsmith on March 1, 2004 dismissing her case number 04-11578 and barring E. Highsmith and her co-debtor Winifred N. Highsmith from filing a further petition without leave of court for the reason stated in that Order, (6) and this Court having entered and Order on June 2004 in the case of Florence E. Mason ("Mason")

dismissing her case number 04-17956 upon finding that she filed the petition on behalf of the Highsmiths who were barred from filing; and (7) it appearing that E. Highsmith or Mason may be using the vehicle of this bankruptcy filing to evade the Court's bar order;

**And** the July 19 Order directing S. Highsmith to (a) appear on August 1, 2005 to show cause why this case should not be dismissed with prejudice as having been improperly commenced, (b) file the documents required by Bankruptcy Rule 1007 as due on July 19, 2005, and (c) to pay the initial installment fee, i.e., $209.75 by August 1, 2005, the date of the hearing;

**And** notwithstanding the notice in the July 19 Order that the case would be dismissed with a bar against filing any subsequent case without leave of Court if S. Highsmith failed to appear, she did not do so;

**And** the documents required by Bankruptcy Rule 1007 have not been filed;

**And** the initial installment of the filing fee has not been paid;

It is hereby **ORDERED** that this case is **DISMISSED WITH PREJUDICE**. Consistent with the notice provided on July 19, 2005, Sheyel Highsmith-Harris is barred from filing a further petition under title 11 of the United States Code without leave of Court. Any petition filed in violation of this Order shall be dismissed without further notice or hearing.

                                                DIANE WEISS SIGMUND
                                                Chief U.S. Bankruptcy Judge

<u>In re Sheyel Highsmith-Harris - Bankruptcy No. 05-19639DWS</u>

<u>Copies to</u>:

Sheyel Highsmith-Harris
1227 Rugby Street
Philadelphia, PA  19143

Sheyel Highsmith-Harris
6611 North 11th Street
Philadelphia, PA  19143

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107